UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| SAMUEL JOSEPH ORLANDO, ) <br> ) <br> *Plaintiff* ) <br> ) <br> v. ) <br> ) <br> SHERIFF DONALD L. SMITH, et al, ) <br> ) <br> *Defendants* ) | Civil Action No.:  5:22-cv-62 |

**DEFENDANTS SMITH AND JENKINS'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Sheriff Donald L. Smith and Major Brian Jenkins, by counsel, file this Memorandum in Support of their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff Samuel Joseph Orlando and his lawyers[1] brough this strike suit to preemptively obstruct an ongoing pending criminal investigation into allegations of sexual exploitation and abuse of a minor.  Compounding the audacity and bad faith of this suit, Plaintiff and his lawyers not only attack the law enforcement officers who are conducting the investigation, but he sues the alleged victim and his family, and places the full name of the alleged victim in the public record to humiliate and intimidate him in hopes that he will retract his criminal complaint. Plaintiff's reference to the alleged victim by name should be stricken pursuant to Rule 12(b)(f), or at minimum, the names of the alleged victims be redacted.[2]

---

[1] Upon information and belief, Attorney Amina Matheny-Willard who is attorney on the pleadings is not admitted to practice in this court.

[2] When necessary, reference to the victim and his family are referred to as Co-Defendants.

TimberlakeSmith
Staunton, VA
540.885.1517

Plaintiff asserts various 42 U.S.C. § 1983 claims and supplemental state law claims arising out of the application for and execution of a search warrant by the Augusta County Sheriff's Office for property allegedly occupied or owned by Plaintiff. Defendants Smith and Jenkins move to dismiss the claims against them with prejudice pursuant to Rule 12(b)(6) and state as follows:

I. **Count I alleging a Fourth Amendment violation for unlawful detention should be dismissed because Plaintiff's detention incident to the execution of a search warrant was lawful.**

"The purpose of the Fourth Amendment is not to eliminate all contact between the police and the citizenry, but 'to prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals.'" *Trull v. Smolka*, 411 Fed. Appx. at 658 (citing *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)). "[T]he ultimate touchstone of the Fourth Amendment is reasonableness." *Brigham v. Stuart*, 547 U.S. 398, 403 (2006). To determine if a warrantless seizure comports with the Fourth Amendment, "courts are required to evaluate the 'law enforcement interest and the nature of the articulable facts supporting the detention.'" *United States v. Watson*, 703 F.3d 684, 689-90 (4th Cir. 2013) (quoting *Michigan v. Summers*, 452 U.S. 692, 702 (1981)). "This analysis entails a balancing test because, under the Fourth Amendment, 'reasonableness depends on a balance between the public interest and the individual's right to personal security free from arbitrary interference by law officers.'" *Id.* (quoting *United States v. Stanfield*, 109 F.3d 976, 979 (4th Cir. 1997) (quoting *Pennsylvania v. Mimms*, 434 U.S. 106, 109 (1977)). It is well-established that law enforcement may detain individuals to secure their own safety when conducting searches. *See Myers v. Taylor*, No. 1:14CV156, 2015 U.S. Dist. LEXIS 162791, *19 (N.D.W.V. Dec. 4, 2015 (citing *e.g.*, *Yanez-Marquez v. Lynch*, 789 F.3d 434, 471 (4th Cir. 2015) ("[L]aw enforcement officers, when executing a search, may take reasonable action to secure the premises and to ensure their own safety and the efficacy of the search.")); *Pair v. Burroughs*, 2016 U.S. Dist. LEXIS 170950, at *8-

TimberlakeSmith
Staunton, VA
540.885.1517

9, 14 (E.D. Va. Dec. 9, 2016) (four hour detention in handcuffs while search warrant executed was reasonable).

Here, Plaintiff alleges he was handcuffed in the cul-de-sac outside his home for four hours while the search warrant at issue was being executed. For the reasons stated above, Fourth Amendment case law holds that such a detention was reasonable and justified to ensure officer safety during the execution of the search warrant.

For these reasons, Count I should be dismissed.

II. **Count II alleging an unconstitutional seizure based on insufficient probable cause should be dismissed since the search warrant was based upon the eye witness report of the alleged victim.**

In Count II, Plaintiff complains that the search warrant was not supported by probable cause because Sheriff Smith ignored Plaintiff's version of events, including his preemptive act of accusing the co-defendants of molesting him. (Compl. ¶¶ 193, 194). However, Defendants were entitled to rely upon the statements provided by the alleged victim which were then conveyed to the magistrate in the search warrant affidavit. That Orlando disputes those statements or tells a different story does not negate probable cause. In the context of probable cause, "an officer is not required to exhaust every potentially exculpatory lead or resolve every doubt about a person's guilt before probable cause is established. *Torchinsky v. Siwinski*, 942 F.2d 257, 264 (4th Cir. 1991); *see also, Miller v. Prince George's Cty.*, 475 F.3d 621, 630 (4th Cir. 2007) (finding Torchinsky's holding applied to mistakes of fact.) Moreover, probable cause may be based upon the statements of one eyewitness, even where that witness gave inconsistent statements. *Id*. at 262. A court must look at the totality of the circumstances; considering facts in isolation is improper. *District of Columbia v. Wesby*, 138 S. Ct. 577, 588 (2018) ("[P]robable cause does not require officers to rule out a suspect's innocent explanation of suspicious facts.).

3

Because the search warrant affidavit was supported by the eyewitness report of the victim, the fact that Plaintiff's version of events was discounted does not otherwise defeat probable cause and Count II should be dismissed.

III. **Count III alleging retaliation for the exercise of political speech should be dismissed because Plaintiff failed to allege adverse action as a result of Defendants' alleged actions.**

Plaintiff claims Defendants Smith and Jenkins retaliated against him for exercising his first amendment rights by seizing "protest materials" incident to a search warrant. (ECF No. 1 at 33-34.)

To state a First Amendment retaliation claim, a plaintiff must allege "(1) []he engaged in protected First Amendment activity, (2) the defendant[] took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and the defendant's conduct." *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017) (internal quotations and citations omitted).

"[F]or purposes of a First Amendment retaliation claim under [Section] 1983, a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Id.* at 249 (internal quotations omitted). "Where there is no impairment of the plaintiff's rights, there is no need for the protection provided by a cause of action for retaliation." *ACLU v. Wicomico Cty.*, 999 F.2d 780, 785 (4th Cir. 1993); *see also Scott v. Kelly*, 107 F. Supp. 2d 706, 709 (E.D. Va. 2000) (holding that even an unreasonable denial of access to the courts is insufficient to state a claim if a prisoner has not shown that "his access to the courts was effectively impeded by the denial").

Here, Plaintiff fails to properly allege that his exercise of free speech was impaired by Defendant Smith or Jenkins's alleged actions, so his First Amendment retaliation claim must fail. Plaintiff states, "Donald L. Smith has conducted illegal arrests and illegal searches in an effort to

4

shut down protests, punish young activists, and hide evidence of the Sheriff's criminal behavior. Illegal arrests of Plaintiff SAMUEL ORLANDO will fail to stop his activism and his complaints personally against Defendant Sheriff Smith." (ECF No. 1 at 5.) He also states, "This noise-ordinance charge did not stop Plaintiff SAMUEL ORLANDO from continuing to exercise his right to political speech. . . . For example, Plaintiff SAMUEL ORLANDO continues to lead rallies and maintains a website specifically criticizing Defendant SHERIFF SMITH. [See https://www.tigerkingsheriff.com/.]" (ECF No. 1 at 8.) Plaintiff also states, "ORLANDO refuses to be further silenced by corrupt law enforcement." (ECF No. 1 at 11.) Plaintiff vaguely claims that he has become a target of violence because of the Defendants' actions that limits when and where he can protest safely. These allegations are too vague to support any claim against Defendants Smith or Jenkins of a violation of the First Amendment.

Because even Plaintiff admits that there has been no impairment of his First Amendment rights, Count III should be dismissed.

IV. **Count VII alleging a violation of Va. Code § 9.1-135 should be dismissed because Plaintiff failed to state a claim upon which relief can be granted and Defendants are entitled to absolute immunity.**

To the extent Defendants can comprehend Count VII, Count VII appears to seek damages against Defendants Smith and Jenkins for the Augusta County Circuit Court's dissemination of "Plaintiff's juvenile delinquency investigative and hearing information," allegedly done by Defendants' filing of an affidavit for a search warrant in the General District Court. (*See* ECF No. 1 at 38-39.)

First, Title 9.1, Chapter 1, Article 3 does not apply to the facts of this case. Title 9.1, Chapter 1, Article 3 governs the maintenance of Criminal Justice Information Systems. Its purpose is to ensure that those managing criminal justice information systems are charged with adopting

TimberlakeSmith
Staunton, VA
540.885.1517

5

procedures to ensure the security of the system and prevention of unauthorized disclosure of information in the system. *Thomas v. Payne*, 69 Va. Cir. 51, 52 (Richmond City 2005). It only applies to "criminal justice agencies." Va. Code § 9.1-126. Under Va. Code 9.1-101 a "criminal justice agency" is defined as a "governmental agency . . . which, as its principal function, performs the administration of criminal justice." Further, it does not apply to criminal investigative records as such information is explicitly excepted from protection. *See* Va. Code § 9.1-126.

Here, not even the Plaintiff asserts that the Sheriff in his individual capacity or his employees are considered a "governmental agency" under § 9.1-135, therefore they are not charged with the responsibility of safeguarding information protected under § 9.1-135. *See Thomas v. Payne*, 69 Va. Cir. at 53 (finding individual sheriff defendants not liable under § 9.1-135 where not even the Plaintiff alleged they were charged with safeguarding information under Title 9.1.) Regardless, the information Plaintiff claims was disseminated is not protected information under § 9.1-135 as it is criminal investigative information which is explicitly excluded from protection. *See* Va. Code § 9.1-126.

Second, Defendants are entitled to sovereign immunity. *Thomas v. Payne* found the Sheriff and his deputies entitled to sovereign immunity for an alleged violation of Va. Code § 9.1-135 because the Plaintiff did not assert that the alleged dissemination of protected information was grossly negligent. Here, Plaintiff does not assert that the Sheriff or Deputy Jenkins acted with gross negligence in violating Va. Code § 9.1-135, therefore they are entitled to sovereign immunity for any violation thereof.

Lastly, Defendants are entitled to absolute immunity for the filing of an affidavit in the course of a criminal prosecution. A prosecutor enjoys absolute immunity from suit for conduct "in initiating and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lyles*

TimberlakeSmith
Staunton, VA
540.885.1517

*v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996). The *Imbler* absolute immunity doctrine was extended to the procurement of a search warrant in *Burns v. Reed*. 500 U.S. 478, 491-492 (1991). Police officers are entitled to the same absolute prosecutorial immunity for exercising similar prosecutorial functions. *Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983) (police officer entitled to absolute immunity for grand jury testimony).

Because Plaintiff's claims for violation of § 9.1-135 arise of Defendants Smith and Jenkins's alleged application for a search warrant, they are entitled to absolute prosecutorial immunity.

For these reasons, Count VII should be dismissed.

V. **Count VIII alleging a conspiracy under 42 U.S.C. § 1983 should be dismissed because Defendants are entitled to absolute immunity and intracorporate immunity.**

Count VIII alleges that Defendants Smith and Jenkins conspired with the Co-Defendants to concoct a false affidavit to submit in support of an application for a search warrant. (ECF No. 1 at 39-41.) As discussed above, law enforcement is entitled to absolute immunity for prosecutorial functions including actions to obtain a search warrant. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996); *Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983) (police officer entitled to absolute immunity for grand jury testimony). Because Count VIII arises out of Defendant Smith and Jenkins's procurement of a search warrant, they are entitled to absolute immunity and Count VIII should be dismissed.

To the extent that Count VIII asserts that Defendant Smith and Jenkins conspired with each other, this claim is also barred by intracorporate immunity as stated below in response to Count XIV.

VI. **Counts X and XI alleging intentional and negligent infliction of emotional distress should be dismissed because Defendants are entitled to absolute immunity.**

TimberlakeSmith
Staunton, VA
540.885.1517

7

Counts X and XI allege Sheriff Smith and Jenkins intentionally or negligently caused Plaintiff emotional distress for their alleged actions in obtaining a search warrant. (ECF No. 1 at 42-43.) As discussed above, law enforcement is entitled to absolute immunity for prosecutorial functions including actions to obtain a search warrant. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996); *Burns v. Reed*. 500 U.S. 478, 491-492 (1991); *Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983) (police officer entitled to absolute immunity for grand jury testimony). Because Counts X and XI arise out of Defendant Smith and Jenkins's procurement of a search warrant, they are entitled to absolute immunity and Counts X and XI should be dismissed.

VII. **Count XII should be dismissed because there is no independent cause of action of punitive damages.**

Count XII alleges an independent cause of action of punitive damages. Punitive damages are a type of damages that are recoverable, not an independent cause of action. *Compton v. Foster*, 82 Va. Cir. 279, 280 (2011). For these reasons, Count XII should be dismissed.

VIII. **Count XIII alleging defamation should be dismissed as the statements are absolutely privileged.**

Plaintiff's claim of defamation is based upon the alleged publication to the media by Sheriff Smith of the search warrant affidavit that had been filed with the magistrate upon which the search warrant was based. (Compl. ¶267). The search warrant affidavit once filed with the magistrate became a court record. Absolute privilege applies to communications made in proceedings pending in a court or before a quasi-judicial bodies. *Lindeman v. Lesnick*, 268 Va. 532, 537, 604 S.E.2d 55, 58 (2004). *Id*. The maker of an absolutely privileged communication is accorded complete immunity from liability even though the communication is made maliciously and with knowledge that it is false. *Id*. If the communication is made in such a judicial proceeding, it need only be

TimberlakeSmith
Staunton, VA
540.885.1517

relevant and pertinent to the case to be protected by the privilege. *Id*. Here, the statements contained in the search warrant affidavit are entitled to absolute privilege against any claim of defamation.

Moreover, the publication of a public record to which everyone has a right of access is privileged, if the publication is a fair and substantially correct statement of the transcript of the record; its status is not changed by the falsity of the statement in the record. *Alexandria Gazette Corp. v. West,* 198 Va. 154, 159-60, 93 S.E.2d 274, 279 (1956); *see also, Chapin v. Knight-Ridder, Inc.,* 993 F.2d 1087, 1097 (4th Cir. 1993)(recognizing a fair report privilege which protects press reports of official actions or proceedings, so long as the report was accurate and either complete or fairly abridged). Here, the alleged publication of the search warrant affidavit is privileged as there is no allegation that what was released to the media was anything other than a copy of the public record. This privileged status is not changed simply because the Plaintiff claims the statements in the search warrant affidavit are false.

As the alleged publication of the search warrant affidavit is privileged, Plaintiff's defamation claim should be dismissed.

IX. **Count XIV alleging common law conspiracy should be dismissed because Defendants are entitled to intracorporate immunity.**

Count XIV contends that Defendant Smith and Defendant Jenkins, both alleged to be members of the Augusta County Sheriff's Office, conspired with each other to maliciously injure Plaintiff's reputation, trade, business, or profession. (ECF No. 1 at 49.)

The intracorporate immunity doctrine deems multiple defendants a single entity for the purpose of analyzing a civil conspiracy claim if such defendants are employees or agents of the same entity and are acting within the scope of their employment or agency. *Vollette v. Watson*, 937

Timberlake Smith
Staunton, VA
540.885.1517

F. Supp. 2d 706, 727 (E.D. Va. 2013) (citing *Fox v. Deese*, 234 Va. 412, 428 (1987); *Greenville Publishing Co., Inc. v. Daily Reflector, Inc.*, 496 F.2d 391, 399 (4th Cir. 1974)).

Plaintiff alleges at all times relevant to this lawsuit, Major Jenkins was employed by Sheriff Smith and that both were acting under color of state law. (*See generally* ECF Doc. 1.) As Defendants are treated as one entity, Defendants Smith and Jenkins could not have conspired with each other. *See Armstrong v. Hutcheson, et al.*, No. 5:19-cv-00040, 2021 U.S. Dist. LEXIS 188519, at *27-29 (W.D. Va. Sept. 30, 2021) (finding sheriff and his deputies could not have conspired with one another as they are treated as one entity).

## CONCLUSION

WHEREFORE, Defendants Smith and Jenkins respectfully request that this Court grant their motion to dismiss and afford them any additional relief as the case may require.

SHERIFF DONALD L. SMITH
and
MAJOR BRIAN JENKINS,

By Counsel

By: /s/ Brittany E. Shipley
Rosalie Pemberton Fessier
VSB # 39030
Brittany E. Shipley
VSB # 93767
Attorneys for Defendants Smith and Jenkins
Timberlake**Smith**
25 North Central Avenue
P. O. Box 108
Staunton, VA 24402-0108
phone: 540/885-1517
fax: 540/885-4537
email: rfessier@timberlakesmith.com
bshipley@timberlakesmith.com

CERTIFICATE OF SERVICE

       I hereby certify that on November 16, 2022, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

          Christopher M. Okay, Esquire
          117 South Lewis Street, Suite 218
          Staunton  VA  24401

              /s/ Brittany E. Shipley
          Rosalie Pemberton Fessier
          VSB # 39030
          Brittany E. Shipley
          VSB # 93767
          Attorneys for Defendants Smith and Jenkins
          Timberlake**Smith**
          25 North Central Avenue
          P. O. Box 108
          Staunton, VA 24402-0108
          phone:  540/885-1517
          fax:       540/885-4537
          email:  rfessier@timberlakesmith.com
                    bshipley@timberlakesmith.com

Timberlake**Smith**
Staunton, VA
540.885.1517

w:\lib\tsdocs\29403\0108\00413297.docx