UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| SAMUEL JOSEPH ORLANDO, ) | |
| ) | |
|     *Plaintiff* ) | |
| ) | |
| v. ) | Civil Action No.: 5:22-cv-62 |
| ) | |
| SHERIFF DONALD L. SMITH, et al, ) | |
| ) | |
|     *Defendants* ) | |

**DEFENDANT SMITH AND JENKINS'S REPLY
IN SUPPORT OF THEIR MOTION TO STAY**

Defendants, Sheriff Donald L. Smith and Major Brian Jenkins, by counsel, submit this reply in support of their Motion to Stay and state as follows:

Defendants believe their position that this Court should enter a stay in these proceedings based on the *Younger* doctrine is well-supported by their Motion for Stay and Memorandum in Support. (ECF Nos. 14-15.) Defendants would like to clarify a few points that it appears are being misunderstood or misconstrued by Plaintiff's Response to Defendant's Motion to Stay.

First, Defendants *did* assert in their Motion for Stay that the search warrant process is a criminal prosecution. (ECF No. 15 at 2-3 (quoting *Mirka United, Inc. v. Cuomo*, No. 06 Civ. 14292 (GEL), 2007 U.S. Dist. LEXIS 87385), at *10 (S.D.N.Y.) ("Search warrants are sometimes necessary to develop evidence sufficient to commence a criminal action and are functionally connected to criminal prosecution.") Thus, much of Plaintiff's brief is not relevant to decide the issues at hand.

Second, Defendants are not asking this Court to decline jurisdiction. Indeed, that is precisely why Defendants have asked for a stay and not complete dismissal. (ECF No. 15 at 5-6.)

TimberlakeSmith
Staunton, VA
540.885.1517

Having clarified these points, it is important to note again that comity will be put at risk if this suit is permitted to go forward prior to the completion of the administration of the search warrant and any prosecution of Plaintiff. The civil discovery that would be likely to take place in this suit would threaten the ongoing criminal investigation and prosecution related to the search warrant by potentially requiring Defendants to disclose confidential investigatory information related to the search warrant. *Nick v. Abrams*, 717 F. Supp. 1053, 1056 (S.D.N.Y. 1989) ("Permitting the targets of state criminal investigations to challenge subpoenas or search warrants in federal court prior to their indictment or arrest, therefore, would do as much damage to principles of equity, comity, and federalism as allowing federal courts to suppress the fruits of subpoenas or search warrants in ongoing state criminal trials.")

It is also important to note that nowhere in Plaintiff's opposition brief does he cite to any authority contradicting the authority cited by Defendant that a search warrant application is considered to be a part of a criminal prosecution. [1] Plaintiff cites to many cases most of which are inapposite and none of which address the facts at hand. Many of the cases cited hold that the search warrant application process is not an adversarial proceeding, yet those cases were decided in the context of the Sixth Amendment's right to counsel doctrine. *See Moran v. Burbine*, 475 U.S. 412 (1986); *Tipton v. Commonwealth*, 18 Va. App. 832, 835 (1994); *Brewer v. Williams*, 430 U.S. 387, 398 (1977); *Kirby v. Illinois*, 406 U.S. 682, 689 (1972). The Sixth Amendment adversarial proceeding analysis is not analogous to the criminal prosecution analysis for *Younger* purposes because, for example, a criminal defendant is not entitled to counsel at the grand jury stage under

---

[1] Additionally, while not directly on point to a *Younger* analysis, it is important to note that the Supreme Court has found in the absolute immunity context, that the applicable for a search warrant is unquestionably a judicial act, appearing at a probable-cause hearing is 'intimately associated with the judicial phase of the criminal process.' It is also connected with the initiation and conduct of a prosecution." *Burns v. Reed*, 500 U.S. 478 (1991).

TimberlakeSmith
Staunton, VA
540.885.1517

the Sixth Amendment, whereas *Younger* applies at the grand jury stage. *Craig v. Barney*, 678 F.2d 1200, 1202 (4th Cir. 1982) *cert denied*, 459 U.S. 860 (1982) ("Virginia's interest in the unfettered operation of its grand jury system is as important as a state's interest in the operation of its contempt process, which the Vail court recognized as sufficient to invoke the Younger doctrine.") (citing *Juidice v. Vail*, 430 U.S. 327 (1977)).

For these reasons and those stated in Defendants' Motion for Stay and Memorandum in Support, Defendants' Motion for Stay should be granted and they should be afforded such other and further relief as this Court finds appropriate.

SHERIFF DONALD L. SMITH
and
MAJOR BRIAN JENKINS,

By Counsel

By:    /s/ Brittany E. Shipley
       Rosalie Pemberton Fessier
       VSB # 39030
       Brittany E. Shipley
       VSB # 93767
       Attorneys for Defendants Smith and Jenkins
       Timberlake**Smith**
       25 North Central Avenue
       P. O. Box 108
       Staunton, VA 24402-0108
       phone:  540/885-1517
       fax:     540/885-4537
       email:  rfessier@timberlakesmith.com
               bshipley@timberlakesmith.com

TimberlakeSmith
Staunton, VA
540.885.1517

CERTIFICATE OF SERVICE

      I hereby certify that on December 7, 2022, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Christopher M. Okay, Esquire
>117 South Lewis Street, Suite 218
>Staunton  VA  24401
>>*Counsel for Plaintiff*
>
>Bradley G. Pollack, Esquire
>Attorney at Law
>440 North Main Street
>Woodstock, VA   22664-1127
>>*Counsel for BN and RBN*


>      /s/ Brittany E. Shipley
>Rosalie Pemberton Fessier
>VSB # 39030
>Brittany E. Shipley
>VSB # 93767
>Attorneys for Defendants Smith and Jenkins
>Timberlake**Smith**
>25 North Central Avenue
>P. O. Box 108
>Staunton, VA 24402-0108
>phone:  540/885-1517
>fax:       540/885-4537
>email:  rfessier@timberlakesmith.com
>        bshipley@timberlakesmith.com

4