IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | | |
|---|---|---|---|
| SAMUEL JOSEPH ORLANDO, | ) | | |
|     Plaintiff, | ) | Civil No. 5:22-cv-062 | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| SHERIFF DONALD SMITH, et al., | ) | By: | Michael F. Urbanski |
|     Defendants. | ) | | Chief United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on defendants' motions to stay, ECF Nos. 14 and 17, and defendant Smith's motion to dismiss, ECF No. 10. The court heard argument on these motions on February 2, 2023, and took the motions under advisement. For the forthcoming reasons, the court **GRANTS** the motions to stay, ECF Nos. 14 and 17. As the case is stayed, the court **DENIES WITHOUT PREJUDICE** the motion to dismiss, ECF No. 10, subject to refiling once the stay is lifted.

### I. Facts

On October 3, 2022, a Virginia magistrate issued a search warrant for plaintiff Samuel Orlando's residence. Compl., ECF No. 1, at ¶ 148. The warrant was supported by an affidavit provided by defendant Brian Jenkins, a major of the Augusta County Sheriff's Office, id. at ¶ 149, and interviews conducted by defendant Augusta County Sheriff Donald Smith, id. at ¶ 155. The interviews concerned statements from parties BN and RBN regarding alleged sexual abuse by plaintiff. Id. at ¶ 162–67. The search warrant of plaintiff's residence was executed on October 5, 2022, seeking all electronic devices and equipment from the property as well as other specific items as set out in the warrant. Id. at ¶ 168–72. Plaintiff alleges that at

1

least twenty officers arrived at his residence to execute the warrant and seized hundreds of items, documents, and electronic evidence. Id. at ¶ 173–76. During the execution of the warrant, plaintiff alleges that defendant Smith removed him from his home, secured him with handcuffs, and kept him in the back of a police vehicle for more than five hours. Id. at ¶ 180.

Plaintiff's complaint alleges several counts arising out of and related to this search warrant, including unreasonable detention in violation of plaintiff's civil rights (Count I); unconstitutional seizure (Count II); retaliation for political speech (Count III); disclosure of juvenile criminal investigative files in violation of Va. Code § 9.1-135 (Count VII); conspiracy to deprive citizen of Fourth Amendment protections (Count VIII); intentional infliction of emotional distress (Count X); negligent infliction of emotional distress (Count XI); punitive damages (Count XII); defamation (Count XIII); and common law conspiracy (XIV).[1]

## II. Motion to Stay

Defendants have filed motions to stay on the grounds that, pursuant to Younger v. Harris, 401 U.S. 37 (1971), the court must not improperly interfere with the pending Virginia criminal investigation of plaintiff including the administration of the contested search warrant. ECF No. 15, at 6. The court agrees that Younger and its progeny indicate that a stay is proper in this case.

Except in extraordinary circumstances, federal courts must abstain from exercising federal jurisdiction when doing so would interfere with a pending state criminal proceeding.

---

[1] Counts IV, V, VI, and IX have been severed from the complaint as they were solely against BN and RBN and were unrelated to search warrant at issue in this matter. Those counts are now under case number 5:23-cv-00012.

Younger v. Harris, 401 U.S. 37, 44 (1971). Younger requires abstention when "granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action." Traverso v. Penn, 874 F.2d 209, 212 (4th Cir. 1989). Abstention is appropriate when a case "falls into one of the three settled categories" to which Younger applies. Johnathan R. by Dixon v. Justice, 41 F. 4th 316, 329 (4th Cir. 2022). Those categories include (1) "pending state criminal proceeding"; (2) "civil proceedings that are akin to criminal prosecutions"; and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72–73 (2013). If the case falls into one of these three categories, "the court should go on to consider the so-called Middlesex factors in evaluating whether to abstain." Johnathan R. by Dixon, 41 F.4th at 341 (Rushing, J., concurring in the judgment and dissenting in part). The Middlesex factors, which derive from Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423, 432 (1982), look to whether 1) there is an ongoing state judicial proceeding brought before substantial progress in the federal proceeding; that 2) implicates important, substantial, or vital state interests, and 3) provides adequate opportunity to raise constitutional challenges. Federal courts may intervene in state criminal proceedings "only when there has been a 'showing of bad faith, harassment, or any other unusual circumstances that would call for equitable relief.'" Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996) (citing Younger, 401 U.S. at 54). Applying each of these elements, the courts finds that a stay is appropriate pursuant to Younger abstention principles.

A. Ongoing State Criminal Proceeding

The court must determine whether a pending state criminal proceeding brought before substantial progress in this proceeding exists under the facts of this case. The court finds that it does. First, though the plaintiff is not under indictment, search warrants are administered and supervised by the state court. A state magistrate is responsible for issuing the warrant in the first place. Va. Code § 19.2-52. Once it has been issued, the administration and subsequently seized property are overseen by the Virginia Circuit Court. Va. Code § 19.2-27. Simply put, a search warrant cannot be issued or executed without a state court proceeding.

Second, this is consistent with other courts' understanding of pre-indictment functions under supervision of a state court. In Craig v. Barney, 678 F.2d 1200 (4th Cir. 1982), the Fourth Circuit determined that, for purposes of Younger abstention, a state grand jury proceeding in which subpoenas had been issued constituted an "ongoing state proceeding" because the appellants were "subject to the contempt power of the state court if they refuse[d] to comply with the subpoena." Id. at 1201; see also Texas Ass'n of Bus. v. Earle, 388 F.3d 515, 519–21 (5th Cir. 2004). At least one other court has extended this reasoning to search warrants. In Mirka United, Inc. v. Cuomo, No. 06-Civ. 14292, 2007 WL 4225487 (S.D.N.Y. Nov. 27, 2007), the court explained that "search warrants are sometimes necessary to develop evidence sufficient to commence a criminal action and are functionally connected to criminal prosecutions," and that it would "strain logic as well as both [state] and federal law to conclude that a search warrant authorized by a [] state judge and executed . . . is not part of an ongoing state proceeding." Id. at *4; see id. (citing Craig, 678 F.2d at 1202). Similarly, in Nick v. Abrams, 717 F. Supp. 1053 (S.D.N.Y. 1989), the court found that a pending state proceeding

4

exists when a "state attorney general executes a search warrant authorized by a judge during a criminal investigation prior to arrest or indictment." Id. at 1056. At the hearing on this motion, plaintiff contested reliance on Nick, citing the court's explanation that New York state law's definition of "criminal proceeding" includes a search warrant, whereas Virginia state law does not. Hr'g Tr., ECF No. 48, at 22. But the court in Nick based its conclusion on the fact that "other courts have invoked Younger abstention" during pre-indictment actions under supervision of the court, and, perhaps most notably, that "common sense dictates that a criminal investigation is an integral part of a criminal proceeding." Nick, 717 F. Supp. at 1056;

> Without . . . searches pursuant to search warrants, prosecutors seldom could amass the evidence necessary to commence criminal actions. Permitting the targets of state criminal investigations to challenge . . . search warrants in federal court prior to their indictment or arrest . . . would do as much damage to principles of equity, comity, and federalism as allowing federal courts to suppress the fruits of . . . search warrants in ongoing state criminal trials.

Id. The civil discovery required in the federal action would threaten the ongoing criminal investigation related to the search warrant by potentially requiring defendants to disclose confidential investigatory information. Id. The court adopts this same reasoning here and determines that this case falls under Younger's purview and it was brought before substantial progress in this federal proceeding.

Additionally, failure to stay the case would present significant challenges to conducting meaningful discovery in the federal action. Because of the ongoing state criminal investigation, the ability to meaningfully take depositions or obtain records would be substantially hampered by both parties' and nonparties' Fifth Amendment privileges.

5

### B. Important State Interest

For purposes of Younger abstention, Virginia's interest in supervising search warrants constitutes an important state interest. This is consistent with Supreme Court decisions that instruct federal courts not to hear challenges to searches and seizures related to pending criminal investigations. See, e.g., Kugler v. Helfant, 421 U.S. 117, 129–30 (1975) ("'Federal courts should refuse to intervene in State criminal proceedings to suppress the use of evidence even when claimed to have been secured by unlawful search and seizure.'" (quoting Stefanelli v. Minard, 342 U.S. 117, 120 (1951)); id. (explaining that if "federal equity power must refrain from staying State prosecutions outright to try the central question of the validity of the statute on which the prosecution is based, how much more reluctant must it be to intervene piecemeal to try collateral issues" (citing Stefanelli, 342 U.S. at 123)). Virginia has an "important, substantial, and vital interest" in enforcing its own criminal laws, Robinson v. Thomas, 855 F.3d 278, 285 (4th Cir. 2017), and this court must afford "a proper respect for state functions" accordingly, Younger, 401 U.S. at 44. "Federal intervention into the state proceedings to vet the appropriateness of a search warrant would interfere with these important state interests." Mirka, 2007 WL 4225487, at *4.

### C. Opportunity for Judicial Review

Plaintiff argues that because he seeks only monetary damages, rather than injunctive or declaratory relief, he does not have an opportunity for judicial review of his claims in state court. However, Younger's principles have been consistently extended to actions for damages, and it is appropriate to do so in this case.

6

The Fourth Circuit has explained that a claim that seeks money damages in addition to injunctive or declaratory relief does not preclude abstention as to the whole action. Traverso v. Penn, 874 F.2d 209, 213 (4th Cir. 1989). "[T]he appropriate course is to abstain by staying proceedings on monetary as well as injunctive and declaratory claims." Id. (citing Suggs v. Brannon, 804 F.2d 275, 279–80 (stay rather than dismissal was appropriate to guard against statute of limitations problems) and Deakins v. Monaghan, 484 U.S. 193 (1988) (approving Third Circuit rule requiring stay rather than dismissal of § 1983 damages claims where parallel state criminal action pending)). Just because a federal action is requesting only money damages does not diminish this instruction. In Hill v. Courter, 344 F. Supp. 2d 484, 492 (E.D. Va. 2004), the court explained that the "rationale[s] counseling abstention" have been applied when a party is seeking damages because such a case "may require adjudication of predicate constitutional issues raised in a pending state judicial proceeding." As a result, "a judgment reaching and deciding predicate constitutional issues in a federal damages action could, in turn, arguably be invoked for its preclusive effect in the state court." Id. "It follows that whether a plaintiff seeks injunctive, declaratory, or monetary relief, abstention is appropriate if the relief the plaintiff seeks would require, as a prerequisite, a ruling on constitutional questions at issue in the pending state proceeding." Id.; see also Traverso, 874 F.2d at 212 (holding that abstention is required "where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action"); Deakins v. Monaghan, 484 U.S. 193, 208 (1988) (White, J., concurring) (noting that abstention may be warranted in an action for damages because "[a] judgment in the federal damages action may decide several questions at issue in the state criminal proceeding" and these decisions "presumably would be

7

owed res judicata effect"); Middlesex Cnty. Ethics Comm., 457 U.S. at 437 (where the "sole issue [in the federal court litigation] has been whether abstention is appropriate [and no] proceedings have occurred on the merits," it would "trivialize the principles of comity amid federalism if federal courts failed to take into account that an adequate state forum for all relevant issues has clearly been demonstrated to be available prior to any proceedings on the merits in federal court.").

If criminal charges were brought in this case, the validity of the search warrant would certainly be an issue in the state proceedings. And in Virginia, a target of a search warrant has an adequate remedy at state law to challenge the seizure of evidence even if charges are not filed under Virginia Code § 19.2-60, which allows a person to request return of property or suppress its use as evidence. While it is true that damages would not be available in the state system for plaintiff's claim, the abstention doctrine is equipped for such a situation: the doctrine calls for staying of the case, not dismissal. See Traverso, 874 F.2d at 213 (holding that § 1983 suit for damages should be stayed rather than dismissed to protect against statute of limitations issues). This court is not dismissing this action—it is merely issuing a stay.

However, the court does share plaintiff's concern that because no indictment has been brought, there is no end date in sight for when the state court proceedings will conclude. To that end, the court will stay this case but require an update regarding the state court proceedings from defendants within six months. Younger principles dictate a stay in this case, but they do not allow for an indefinite delay.

8

## III. Conclusion

For the foregoing reasons, the motions to stay are **GRANTED**. Because the motions to stay have been granted, the motion to dismiss is **DENIED WITHOUT PREJUDICE** subject to refiling following lifting of the stay.

It is so **ORDERED**.

ENTERED: May 8, 2023

Digitally signed by Michael F. Urbanski    Chief U.S. District Judge
Date: 2023.05.08 12:02:38 -04'00'

Michael F. Urbanski
Chief United States District Judge