UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| SAMUEL JOSEPH ORLANDO, ) | |
| ) | |
|     *Plaintiff* ) | |
| ) | |
| v. ) | Civil Action No.:  5:22-cv-62 |
| ) | |
| SHERIFF DONALD L. SMITH, et al, ) | |
| ) | |
|     *Defendants* ) | |

### DEFENDANTS' BRIEF ON JURISDICTION AND, IN THE ALTERNATIVE, REQUEST FOR INDICATIVE RULING PER RULE 62.1

Defendants, Sheriff Donald L. Smith and Major Brian Jenkins, by counsel, submit the following brief on jurisdiction and, in the alternative, request for indicative ruling per Rule 62.1, and state as follows:

This court has jurisdiction to enter an order ending the *Younger* stay even though its original order is subject to an interlocutory appeal, as such action is collateral to the appeal or aids in the appeal. In the alternative, if this Court decides that it lacks jurisdiction to end the stay, it can issue an indicative ruling by entering an order stating its intent to end the stay which can then be considered by the Fourth Circuit for remand pursuant to Fed. R. Civ. P. 62.1.

Generally, an appeal confers jurisdiction on the court of appeals and divests the district court of its control over *those aspects of the case involved in the appeal*. *United States v. Modanlo*, 762 F.3d 403, 408 (4th Cir. 2014). With regard to interlocutory orders, an appeal from an interlocutory order does not transfer the whole case to the appellate court. "The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially ordered." *See Columbus-America Discovery Grp. v. Atl. Mut.*

TimberlakeSmith
Staunton, VA
540.885.1517

*Ins. Co*., 203 F.3d 291, 302 (4th Cir. 2000) *quoting Ex parte Nat'l Enameling & Stamping Co*., 201 U.S. 156, 162, 26 S. Ct. 404, 50 L. Ed. 707, 1906 Dec. Comm'r Pat. 759 (1906). Furthermore, the Fourth Circuit recognizes that district courts retain jurisdiction to take subsequent action on matters that are collateral to the appeal, or to take action that aids in the appeal. *Co. Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014). Allowing the district courts to retain jurisdiction in these areas promotes judicial efficiency and facilitates the division of labor between trial and appellate courts. *Id*.

Here, a decision by the court is collateral to the issues on appeal. The court is not reconsidering its prior order or considering the correctness of the original stay, which is the issue on appeal. Nor is the court modifying its prior order. Rather this court is considering new information to determine whether abstention continues to be warranted, including the length of time the search warrant has been pending without an indictment being issued. The court's decision to review the new information after six months is consistent with the six-month review period set forth in the order and is in furtherance of the court's obligation to avoid an indefinite stay. Whether to end the stay going forward given this new information and/or change in circumstances is collateral to the issues on appeal and thus within the court's jurisdiction to decide.

To the extent ending the stay renders some or all aspects of the appeal moot does not deprive the court of jurisdiction, as such action would "aid in the appeal" by relieving the appellate court from having to consider those issues. Even in cases involving modification of the very order at issue on appeal (which is not the case here), the district court retains jurisdiction to modify those orders when such modification will relieve the appellate court from having to consider those issues on appeal. This includes cases where the district courts modify their injunction orders that were pending on appeal (*Dixon v. Edwards*, 290 F.3d 699, 709 n.14 (4th Cir. 2002); *Lytle v. Griffith*, 240 F.3d 404,

TimberlakeSmith
Staunton, VA
540.885.1517

2

407 n.2 (4th Cir. 2001)); consider motions pursuant to Rule 59(e) to alter or amend the judgment being appealed, or a motion for stay pending appeal (*Wolfe v. Clarke*, 718 F.3d 277, 281 n.3 (4th Cir. 2013)); enter written orders memorializing prior ruling and hearing on issue of attorney-client privilege (*Grand Jury Proceedings Under Seal v. United States*, 947 F.2d 1188, 1190 (4th Cir.1991)); enforce but not alter or enlarge the scope of judgments that are on appeal (*Springs v. Ally Fin. Inc.*, 657 F. App'x 148, 151 (4th Cir. 2016)); and deny a Rule 60(b) motion for relief from judgment pending an appeal of that judgment. *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890 (4th Cir. 1999)).

Other district courts have decided consistently. *Doe v. City of Gauley Bridge*, No. 2:21-cv-00491, 2022 U.S. Dist. LEXIS 197563, at *2 n.1 (S.D. W. Va. Oct. 31, 2022) (retained jurisdiction to hear dispositive motions filed by defendant during pendency of appeal of dismissal of other defendants); *Hairston v. Wal-Mart Stores E., LP*, No. 2:18cv619, 2022 U.S. Dist. LEXIS 90437, at *4 (E.D. Va. Mar. 24, 2022)(retained jurisdiction to reconsider dismissal order during pendency of the appeal on that order); *Kadel v. Folwell*, No. 1:19cv272, 2021 U.S. Dist. LEXIS 41528, at *15 (M.D.N.C. Mar. 5, 2021) (retained jurisdiction to consider motion to amend complaint during pendency of appeal of defendant's sovereign immunity where proposed amendment has no meaningful relation to matters on appeal); *Hunter v. Redmer*, No. JKB-15-2047, 2015 U.S. Dist. LEXIS 165378, at *5 (D. Md. Dec. 10, 2015) (retained jurisdiction to decide a motion for summary judgment during pendency of appeal on order denying motion for temporary restraining order, which would arguably render the appeal moot).

Alternatively, if this Court decides that it lacks jurisdiction to end the stay, it can issue an "indicative ruling" by stating its intent to end the stay which can then be considered by the Fourth

TimberlakeSmith
Staunton, VA
540.885.1517

3

Circuit for a remand pursuant to Fed. R. Civ. P. 62.1; *see also Fobian*, 164 F.3d at 891 (decided before Rule 62.1 was added). This appears to be the same alternative relief suggested by plaintiff.

WHEREFORE, these defendants respectfully request that this court enter an order ending the stay and setting a hearing on defendants' motion to dismiss, or in the alternative, defendants request an indicative ruling pursuant to Rule 62.1, and request such other and further relief as this court deems appropriate.

        SHERIFF DONALD L. SMITH
        and
        MAJOR BRIAN JENKINS,

        By Counsel

By:   /s/ Rosalie Pemberton Fessier
      Rosalie Pemberton Fessier
      VSB # 39030
      Brittany E. Shipley
      VSB # 93767
      Attorneys for Defendants Smith and Jenkins
      Timberlake**Smith**
      25 North Central Avenue
      P. O. Box 108
      Staunton, VA 24402-0108
      phone:  540/885-1517
      fax:     540/885-4537
      email:  rfessier@timberlakesmith.com
               bshipley@timberlakesmith.com

CERTIFICATE OF SERVICE

      I hereby certify that on December 14, 2023, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

      Christopher M. Okay, Esquire
      117 South Lewis Street, Suite 218
      Staunton  VA  24401

      Zachary Timothy Peter Lawrence, Esquire
      Lawrence Law Firm PLLC
      166 Five Acres Lane
      Cold Brook, NY  13324

      Gene Rossi, Esquire
      Carlton Fields, P.A.
      Suite 400 West
      1025 Thomas Jefferson Street, NW
      Washington DC  20007-5208

      Amina Matheny-Willard
      Amina Matheny-Willard, PLLC
      999 Waterside Drive, Suite #2525
      Norfolk, VA  23510
          *Counsel for Plaintiff*

      A true copy of the foregoing has been emailed to the following pro se parties, at their request:

      Rebecca Neal
      2105 Park Ave
      Lynchburg, VA  24501

      Bristol Neal
      2105 Park Avenue
      Lynchburg, VA  24501

          /s/ Rosalie Pemberton Fessier
          Rosalie Pemberton Fessier
          VSB # 39030
          Brittany E. Shipley
          VSB # 93767
          Attorneys for Defendants Smith and Jenkins
          Timberlake**Smith**

TimberlakeSmith
Staunton, VA
540.885.1517

                                25 North Central Avenue
                                P. O. Box 108
                                Staunton, VA 24402-0108
                                phone:  540/885-1517
                                fax:       540/885-4537
                                email:  rfessier@timberlakesmith.com
                                                  bshipley@timberlakesmith.com

TimberlakeSmith
Staunton, VA
540.885.1517

w:\lib\tsdocs\29403\0108\00501706.docx