IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| SAMUEL JOSEPH ORLANDO, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:22-cv-062 |
| ) | |
| v. ) | By:  Michael F. Urbanski |
| ) | Chief United States District Judge |
| SHERIFF DONALD L. SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

On May 8, 2023, the court stayed this action due to ongoing, related Virginia criminal proceedings but required that defendants provide a status update on those proceedings within six months because, while "Younger principles dictate a stay in this case, . . . they do not allow for an infinite delay." Mem. Op., ECF No. 50, at 8. Plaintiff Samuel Joseph Orlando appealed the court's order to the United States Court of Appeals for the Fourth Circuit. Pl.'s Notice of Appeal, ECF No. 52. On November 7, 2023, pursuant to the court's stay order, defendants Sheriff Donald L. Smith and Major Brian Jenkins reported to the court that state criminal charges have not yet been filed, but that the search warrants remain active. Defs.' Status Rep. & Req. to Vacate the Younger Stay, ECF No. 56.

On November 30, 2023, the court held an in-person status conference regarding the stay and expressed its concern that the risk of "infinite delay" that it referenced in its stay order has grown, given that six months have passed without the filing of criminal charges. Counsel for defendants Smith and Jenkins agreed with the court's concern and indicated that—though they sought the stay initially—they now request that the court vacate it. Defendants Bristol

1

Neal and Rebecca Byrd Neal, proceeding pro se, also supported lifting the stay. Counsel for plaintiff Samuel Joseph Orlando indicated their support for vacating the stay order, but expressed concern regarding the court's jurisdiction to do so while the Fourth Circuit appeal remains pending. The court directed the parties to file briefing on the issue of the court's subject matter jurisdiction pending appeal within fourteen days of the hearing. The parties provided helpful briefing on the issue, and it is now before the court.

The Fourth Circuit has made clear that "a district court loses jurisdiction to amend or vacate its order after the notice of appeal has been filed." Lewis v. Tobacco Workers' Int'l Union, 577 F.2d 1135, 1139 (4th Cir. 1978); see also In re Murphy-Brown, LLC, 907 F.3d 788, 793 (4th Cir. 2018) ("[D]istrict courts formally lose jurisdiction over the questions being appealed."); Fobian v. Storage Tech. Corp., 164 F.3d 887, 890 (4th Cir. 1999) ("[It is a] well-established principle that an appeal divests a trial court of jurisdiction over 'those aspects of the case involved in the appeal.'" (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982))).

The Fourth Circuit has recognized "limited exceptions" to the rule, including that a district court has jurisdiction to act on matters that are (1) "collateral to the appeal," or (2) "in aid of appeal." Doe v. Pub. Citizen, 749 F.3d 246, 258 (4th Cir. 2014). These exceptions, however, are "confined to a narrow class of actions that promote judicial efficiency." Id. Indeed, the rule and its exceptions are judge-made and "designed to 'avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time.'" Grand Jury Procs. Under Seal v. United States, 947 F.2d 1188, 1190 (4th Cir. 1991) (quoting 9 Moore's Federal Practice ¶ 203.11); see also Crutchfield v. U.S. Army Corps of

Eng'rs, 230 F. Supp. 2d 673, 680 (E.D. Va. 2002) ("[T]he desire to avoid duplication of effort and conflict between the appellate court and the trial court are the factors that animate the Fourth Circuit's analysis in both Fobian and In re Grand Jury Proceedings Under Seal.").

Neither exception applies here. The question of whether to lift the stay imposed by the court's earlier order cannot fall under the "collateral issues" exception because the precise issue on appeal is the stay. See Levin v. Alms & Assocs., Inc., 634 F.3d 260, 263 (4th Cir. 2011) (adopting the majority view that the district court was automatically divested of jurisdiction pending appeal of its arbitration order because further litigating the underlying claims was "the mirror image of the question presented on appeal" (quoting Bradford-Scott Data Corp. v. Physician Comput. Network, 128 F.3d 504 (7th Cir. 1997))).

The "in aid of the appeal" exception is also inapposite because, importantly, the exception does not apply when a district court "alters the status of the case as it rests before the court of appeals." Doe, 749 F.3d at 259 (quoting Coastal Corp. v. Texas E. Corp., 869 F.2d 817, 820 (5th Cir. 1989)) (internal alterations omitted); Fobian, 164 F.3d at 891 ("If a district court [granted a Rule 60(b) motion] while that judgment was on appeal, two courts would be exercising jurisdiction over the same matter at the same time—a situation that the Supreme Court has directed courts to avoid."). Undeniably, lifting the stay that forms the basis of the pending appeal would "alter[] the status of the case." Doe, 749 F.3d at 259. Accordingly, the court concludes that it lacks the subject matter jurisdiction to vacate the stay it entered in its May 8, 2023, order, ECF No. 51.

Fortunately, Federal Rule of Civil Procedure 62.1 ("Rule 62.1"), along with the Fourth Circuit's Fobian decision that preceded Rule 62.1, provide the solution. In Fobian, the Court

3

instructed that—when a district court is inclined to alter an order upon which a pending appeal is based—the district court "should issue a short memorandum so stating." <u>Fobian</u>, 164 F.3d at 891. Thereafter, a litigant can request a limited remand from the Fourth Circuit for that purpose. <u>Id.</u> Rule 62.1 provides a similar instruction: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," the court may issue an indicative ruling stating "that it would grant the motion if the court of appeals remands for that purpose." Fed. R. Civ. P. 62.1(a)(3). The parties expressed their support for this approach in their briefing. Pl.'s Mem. on Jurisdiction, ECF No. 61; Defs.' Mem. on Jurisdiction, ECF No. 63.

Accordingly, given the substantial length of time that has passed without any criminal charges being filed in the related state proceedings, the court is of the mind that <u>Younger</u> principles no longer dictate a stay in this case. If vested subject matter jurisdiction following a limited remand from the Fourth Circuit, this court is inclined to vacate its earlier order, ECF No. 51, lift the stay, and put this matter back on the court's trial calendar.

Entered: December 20, 2023

Michael F. Urbanski
Chief U.S. District Judge
2023.12.20 17:56:24 -05'00'

Michael F. Urbanski
Chief United States District Judge

4