UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

SAMUEL JOSEPH ORLANDO,    )
                          )
    *Plaintiff*           )
                          )
v.                        )    Civil Action No.:  5:22-cv-62
                          )
SHERIFF DONALD L. SMITH, et al,  )
                          )
    *Defendants*          )

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
March 04, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

# PROTECTIVE ORDER

Upon agreement by the parties, by counsel, relating to the production and use of certain confidential information and upon Defendants' request for this Protective Order, the following is hereby ORDERED:

1. "Confidential" documents are documents (or other media, to include video recordings and photographs) that the parties and other persons likely to produce documents in this matter have a legitimate interest in keeping private and non-public. The types of documents that the parties anticipate marking as "Confidential" include, but are not limited to: law enforcement tactical operations, ongoing criminal investigative records, including audio and video recordings of victim and witness statements, and personnel records.

2. Those documents considered confidential shall be designated as such by placing the label "CONFIDENTIAL," or its equivalent, upon the document prior to or at the time of disclosure. Documents so designated shall be treated as confidential and shall be treated in accordance with the further provisions of this Protective Order.

3. Confidential documents and the information contained in them may be used only for the purpose of this litigation, and for no other purpose. Under no circumstances, except those specifically provided for in this Protective Order, or any subsequent order or written or recorded stipulation of counsel for the parties, shall confidential documents or the information contained in them be given, shown, made available to or communicated to anyone other than the following:

  a. Court and Court personnel;

  b. counsel for the identified parties to this litigation, including staff employees of such counsel as needed in the prosecution or defense of this litigation;

  c. the parties to this litigation;

  d. court reporters and videographers who record depositions or other testimony in this litigation;

  e. deposition witnesses, who may be shown, but shall not be allowed to copy or keep possession of confidential documents and shall be prohibited from disclosing confidential documents or the information contained in them outside of the deposition and shall be instructed as such on the record;

  f. witnesses necessary to the prosecution or defense of this litigation, who may be shown, but shall not be allowed to copy or keep possession of confidential documents and shall be prohibited from disclosing or discussing confidential documents or the information contained in them other than with counsel for the identified parties to this litigation and staff employees of such counsel as needed for the prosecution or defense of this litigation. The following guidelines shall apply to disclosure within this subparagraph (f) category of persons: prior to any such disclosure or discussion, each such person or entity shall receive a copy of this Protective Order and acknowledge in writing to be bound by this Court's Protective Order. A

file shall be maintained by the parties' counsel of all written Certifications signed by the persons to whom confidential documents or information have been disclosed.

    g. third-party consultants and independent experts to whom it is necessary that the confidential documents or information be disclosed for the purpose of assisting counsel in this litigation.   The following guidelines shall apply to disclosure within this subparagraph (g) category of persons: prior to any such disclosure or discussion, each such person or entity shall receive a copy of this Protective Order and acknowledge in writing to be bound by this Court's Protective Order.  A file shall be maintained by the parties' counsel of all written Certifications signed by the persons to whom confidential documents or information have been disclosed.

    4. The parties may object in good faith to the designation of confidentiality.   Any such objection shall be in writing and sent to the party making the confidentiality designation, and include identification of the documents to which the objection is directed and the grounds for the objection.  The parties shall have no fewer than ten days from receipt of the written objection to seek an informal resolution of the dispute, and any party may thereafter apply to the Court for a ruling on the treatment of the documents and the parties shall maintain the confidentiality of the documents unless the Court enters an Order removing the confidential designation.

    5. A party shall comply with Local Rule 9 when seeking to file documents under seal. However, prior to filing a motion to seal, the parties should confer and agree to appropriate redactions of the material as an alternative to asking the court to seal entire documents.

    6. The parties anticipate that certain documents, which could include law enforcement tactical operations, ongoing criminal investigative records, including audio and video recordings of victim and witness statements, will contain information which may jeopardize officer safety and operational effectiveness, and would interfere with ongoing

criminal investigations.  Any party may designate such document or recording as "CONFIDENTIAL - ATTORNEYS EYES ONLY."  Such documents may only be disclosed to the persons and in the manner prescribed in paragraphs 3a., 3b., and 3d.

7.      With respect to deposition or hearing testimony, any party may designate sworn testimony, a transcript, audio or video recording in this litigation, or any portion thereof, as confidential within fourteen days from receipt of such sworn testimony, a transcript, audio or video recording.

8.      Nothing in this Protective Order shall prevent any party from using confidential documents at the trial of this action.  Before commencement of the trial, the parties shall discuss how confidential documents shall be used and apprise the Court of any issues in that regard. Confidential documents that are not admitted into evidence shall continue to retain the protections of confidentiality set out in this Protective Order.

9.      Nothing in this Protective Order shall constitute any agreement by any party to produce documents or information in discovery not otherwise agreed upon or required by the Federal Rules of Civil Procedure or this Court, any waiver by any party or person of any right to object or seek further protection with respect to discovery in this litigation, or any waiver by any party of any claim of privilege or immunity with respect to any document, information, or testimony.

10.     Any parties added to this litigation are also bound by this Protective Order, and it is the obligation of the party adding such parties to make sure that such parties have received a copy of the Protective Order at the commencement of the added parties' status as parties and prior to the added parties' receipt of confidential documents or information.

11. In the event materials are produced herein which, in a party's opinion, should have been, but were not, designated as "CONFIDENTIAL," such party may designate such material as "CONFIDENTIAL" by notifying counsel for all parties of this designation as soon as possible. Upon receipt of such notification, all parties shall treat such materials as "CONFIDENTIAL," and attempt to recall all materials distributed in any way that would have been inconsistent with the terms of this Order had such documents been designated as "CONFIDENTIAL" to begin with.

12. Upon termination of this litigation, all documents designated as confidential and any copies of such, including in compilations, digests or nonexact form, shall be returned to the producing party or non-party or disposed of in a manner mutually agreed to by the parties. Counsel of record for the parties may retain their file copies of all court filings, deposition or hearing transcripts and exhibits, and correspondence provided that counsel continues to treat all confidential documents and information in the manner set out in this Protective Order. Termination of this litigation shall not relieve the parties or their counsel of the obligation of maintaining the confidentiality of designated confidential documents and information, and this Court shall retain jurisdiction to enforce and/or modify this Protective Order.

ENTERED: This 4th day of March, 2025.

_____
Judge

/s/ Brittany E. Shipley
Rosalie Pemberton Fessier
VSB # 39030
Brittany E. Shipley

VSB # 93767
Timberlake**Smith**
25 North Central Avenue
P. O. Box 108
Staunton, VA 24402-0108
phone:  540/885-1517
fax:       540/885-4537
email:  rfessier@timberlakesmith.com
             bshipley@timberlakesmith.com
*Counsel for Defendants Smith and Jenkins*


/s/ Mario B. Williams
Mario B. Williams, Esquire
VSB No.:  91955
HDR LLC
5600 Roswell Road, Suite 103
Building C
Sandy Springs, GA   30342
email:  mwilliams@hdrattorneys.com
*Counsel for Plaintiff*