UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| SAMUEL JOSEPH ORLANDO, | ) | |
| *Plaintiff* | ) ) ) | |
| v. | ) ) | Civil Action No.: 5:22-cv-62 |
| SHERIFF DONALD L. SMITH, et al, | ) ) ) | |
| *Defendants* | ) | |

### MEMORANDUM IN SUPPORT OF SMITH AND JENKINS'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants, Sheriff Donald L. Smith and Major Brian Jenkins, by counsel, file this memorandum in support of their Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) for the reasons stated below.

### Procedural Posture

On October 24, 2022, Plaintiff Samuel Joseph Orlando brought this civil rights action under 42 U.S.C. § 1983 alleging various causes of action against Defendants Smith and Jenkins (the "Sheriff Defendants") for seeking and executing a search warrant in violation of the First and Fourteenth Amendments of the United States Constitution as well as various state law claims. Compl. (ECF No. 1.) The Complaint generally alleges that Plaintiff has been an outspoken critic of Sheriff Smith's conduct as the Augusta County Sheriff. Compl. ¶¶ 29-56. Plaintiff's claims concern various ways in which the Sheriff Defendants allegedly retaliated against him. *Id.* Plaintiff claims the Sheriff Defendants applied for and obtained a search warrant from a state magistrate authorizing a search of 47 South Windsong Court, the house where Plaintiff allegedly resided with Mike Donovan and Richard Moore. *Id.* ¶¶ 79-81, 167. The warrant specifically sought evidence, such as computer files,

TimberlakeSmith
Staunton, VA
540.885.1517

video surveillance footage, and sex toys, relating to a violation of Virginia Code § 18.2-370.1: "Taking indecent liberties with child by person in custodial or supervisory relationship." (ECF No. 114 at 2.)[1]

The Sheriff Defendants filed a Motion to Dismiss challenging the sufficiency of Plaintiff's allegations. (ECF No. 99-100.) Their Motion to Dismiss was granted on all counts but Count III. (ECF No. 114 at 32.) The Sheriff Defendants have since filed an Answer. (ECF No. 117.)

Count III is the only claim remaining in this case. Count III alleges a First Amendment retaliation claim. Compl. at ¶¶ 195-200. The Court previously summarized Count III stating, "In Count III, Orlando alleges that Smith and Jenkins retaliated against Orlando for exercising his First Amendment rights by seizing 'large quantities of protest materials' during the search of 47 South Windsong Court." Memo. Op. at 17 (ECF No. 114) (quoting ECF No. 1 ¶ 199).

In ruling on the Motion to Dismiss, the Court found that there was probable cause for the search warrant to be issued and executed. (ECF No. 114 at 14-16.) The only question was whether the Sheriff Defendants retaliated against Plaintiff by seizing protest materials that fell outside the scope of the search warrant seeking evidence of violation of Virginia Code § 18.2-370.1 including such materials as "hundreds of lapel stickers . . . opposing the Sheriff's reelection to office," documents and "evidence" of crimes allegedly committed by Smith, "protest flyers," and "body cameras" used by protestors – all allegedly belonging to Plaintiff. (ECF No. 114 at 18 (citing Compl. ¶¶ 175-79).)

Nowhere in the Complaint does Plaintiff allege that Sheriff Smith or Major Jenkins seized the supposed protest materials themselves. Nowhere in the Complaint does Plaintiff allege that Sheriff

Timberlake Smith
Staunton, VA
540.885.1517

---

[1] While the 47 South Windsong Court Search Warrant was not attached to the Complaint, it was specifically referenced therein, and the Court considered the document when ruling on the prior Motion to Dismiss as the document was intrinsic to the Complaint. (ECF No. 114 at 2, n. 1.)

2

Smith or Major Jenkins directed or authorized anyone to seize any protest materials. Nowhere in the Complaint does Plaintiff allege that Sheriff Smith or Major Jenkins had any reason to believe that any of the other deputies would seize any protest materials. Nowhere in the Complaint does Plaintiff allege that Sheriff Smith or Major Jenkins even knew after the fact that any protest materials were seized during the execution of the search warrant. Rather, the Complaint states the following:

1. "At least twenty (20) **Deputies** of Defendant SHERIFF SMITH arrived at the Residence to execute the warrant at approximately 8am on October 5th, 2022." Compl. ¶ 173 (emphasis added).

2. "The **deputies** seized hundreds of lapel stickers containing images of Defendant SHERIFF SMITH and . . . Felix Chujoy, opposing the Sheriff's reelection to office." Compl. ¶ 175 (emphasis added).

3. "The **deputies** seized documents and evidence . . . ." Compl. ¶ 176 (emphasis added).

4. "Additionally, despite the fact that the stated legal basis of the Warrant was to find evidence demonstrating "indecent liberties with a child," as shown in the Inventory of items taken during the search, Defendant **SHERIFF'S OFFICE** seized the political materials from Plaintiff SAMUEL ORLANDO's room in the Residence . . . ." Compl. ¶ 178 (emphasis added).

5. "For example, **deputies** seized Plaintiff SAMUEL ORLANDO's anti-sheriff protest flyers, anti-sheriff lapel stickers, and body cameras the protestors use in protesting." Compl. ¶ 179 (emphasis added).

6. "The **deputies** seized large quantities of protest materials, seizures that can only be described as motivated by animus toward the political messaging of the materials." Compl. ¶ 200 (emphasis added).

7. "ORLANDO'S physical injuries include . . . the loss of his activist materials that were taken by **Defendant SMITH'S deputies** . . . ." Compl. ¶ 261 (emphasis added).

For the reasons that follow, the Sheriff Defendants now move to dismiss Claim III pursuant to Federal Rule of Civil Procedure 12(c) on the basis that Plaintiff failed to allege personal involvement of Defendants Sheriff Smith and Major Jenkins in the seizure of the alleged protest materials and otherwise failed to state a claim for supervisory liability for the same.

TimberlakeSmith
Staunton, VA
540.885.1517

**Legal Standard**

In considering a motion for judgment on the pleadings pursuant to Rule 12(c), the court is limited to considering only the complaint and answer. *A.S. Abell Co. v. Balt. Typographical Union*, 338 F.2d 190, 193 (4th Cir. 1964). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Where an exhibit is incorporated by reference into a pleading under Rule 10(c), a court can consider the exhibit on a motion for judgment on the pleadings without converting the motion into one for summary judgment. *Demetry v. Lasko Prods.*, 284 F. App'x 14 (4th Cir. 2008); *Mpoy v. Fenty*, 901 F. Supp. 2d 144 (D.D.C. 2012), *aff'd sub nom. Mpoy v. Rhee*, 758 F.3d 285 (D.C. Cir. 2014).

The same standard applicable to Rule 12(b)(6) motions applies to a Rule 12(c) motion. The court must assume that the allegations in the non-moving party's pleadings are true and construe all facts in the light most favorable to the non-moving party. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992), *cert. denied sub nom.* 510 U.S. 828 (1993). "Judgment should be entered when the pleadings, construing the facts in the light most favorable to the non-moving party," indicate that the dispute "can . . . be decided as a matter of law." *O'Ryan v. Dehler Mfg. Co., Inc.*, 99 F. Supp. 2d 714, 718 (E.D. Va. 2000); *see also A.S. Abell Co.*, 338 F.2d at 192.

**Argument**

I. <u>Plaintiff failed to state a claim against the Sheriff Defendants for retaliation in violation of the First Amendment because Plaintiff failed to allege personal involvement of the Sheriff Defendants in the seizure of his protest materials and failed to allege sufficient facts to establish supervisory liability for such alleged seizure.</u>

"Liability under § 1983 is 'personal, based upon each defendant's own constitutional violations." *Baltas v. Clarke*, No. 7:20cv00276, 2021 U.S. Dist. LEXIS 50731, at *43 (W.D. Va. Mar. 18, 2021) (quoting *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017)). To state a claim

4

under § 1983, a plaintiff must allege that the official charged acted personally in the deprivation of the plaintiff's rights. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Liability may be imposed based only on an official's own conduct. *Danser v. Stansberry*, 772 F.3d 340, 349 (4th Cir. 2014).

To state a claim of supervisory liability under § 1983, a plaintiff must show (1) "that the supervisor had actual or constructive knowledge that h[er] subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices' and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994), *cert. denied*, 513 U.S. 813 (1994)); *see also Dawkins v. Arthur (In re Pratt-Miller)*, 701 F. App'x 191, 193 (4th Cir. 2017) (internal quotations omitted) ("[W]here the only remaining claims are against a public official in her individual capacity, to hold the official liable for her subordinate's conduct, that conduct must meet the test for supervisory liability.").

Here, Plaintiff failed to allege either Sheriff Smith or Major Jenkins had any personal involvement in the alleged seizure of Plaintiff's protest materials during the execution of the search warrant of 47 South Windsong Court for taking indecent liberties with a child. *See Vinnedge*, 550 F.2d at 928. The Complaint alleges "deputies" seized Plaintiff's protest materials but does not state that Sheriff Smith or Major Jenkins seized any protest materials themselves. *See* Compl. ¶¶ 173,

175-176, 178-179, 200, 261. The Complaint does not state that the Sheriff Defendants directed or approved of any protest materials being seized during the execution of the search warrants. *See id.* While Plaintiff does allege that the Sheriff Defendants were involved in obtaining the search warrants for taking indecent liberties with a child, probable cause supported the search warrants and the search warrants only authorized the taking of certain electronic devices and sex toys, not physical protest materials. (ECF No. 114 at 2, 19.) Nowhere in the Complaint is it alleged that the Sheriff Defendants ever knew that protest materials were actually seized during the execution of the search warrants. *See generally* Compl. Plaintiff does not allege which deputy(ies) took the supposed protest materials. *See* Compl. ¶¶ 173, 175-176, 178-179, 200, 261. He does not allege that either Sheriff Smith or Major Jenkins knew that those deputies ever engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff or that any of his deputies had ever seized protest materials not authorized by a search warrant before. *See Wilkins*, 751 F.3d at 226 (quoting *Shaw*, 13 F.3d at 799). Nor does Plaintiff allege that Sheriff Smith or Major Jenkins failed to respond to knowledge of such a risk of constitutional injury. *See id.*

Therefore, Plaintiff has failed to allege sufficient facts to show that Sheriff Smith or Major Jenkins had any direct, personal involvement in the alleged seizure of Plaintiff's protest materials. *See Vinnedge*, 550 F.2d at 928. He has also failed to allege any facts establishing that Defendants could be liable under a supervisory liability theory, namely that Defendants knew the deputies executing the search warrant posed a pervasive and unreasonable risk of straying from the search authorized by the search warrant or that Defendants' response to such a risk was deliberately indifferent. *See Wilkins*, 751 F.3d at 226 (quoting *Shaw*, 13 F.3d at 799).

For these reasons, Plaintiff has failed to establish that Defendants can be held liable under § 1983 for the alleged seizure of Plaintiff's protest materials.

6

**Conclusion**

WHEREFORE, Defendants Sheriff Donald L. Smith and Major Brian Jenkins respectfully request that this Court grant their Motion for Judgment on the Pleadings, that this case be dismissed, and that Defendants be granted such other and further relief as this Court finds appropriate.

          SHERIFF DONALD L. SMITH
          and
          MAJOR BRIAN JENKINS,

          By Counsel

By:   /s/ Brittany E. Shipley
      Rosalie Pemberton Fessier
      VSB # 39030
      Brittany E. Shipley
      VSB # 93767
      Attorneys for Defendants Smith and Jenkins
      Timberlake**Smith**
      25 North Central Avenue
      P. O. Box 108
      Staunton, VA 24402-0108
      phone:  540/885-1517
      fax:     540/885-4537
      email:  rfessier@timberlakesmith.com
              bshipley@timberlakesmith.com

CERTIFICATE OF SERVICE

      I hereby certify that on March 25, 2025, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

      Mario B. Williams, Esquire
      HDR LLC
      5600 Roswell Road, Suite 103
      Building C
      Sandy Springs, GA   30342
          *Counsel for Plaintiff*

      /s/ Brittany E. Shipley
      Rosalie Pemberton Fessier
      VSB # 39030
      Brittany E. Shipley
      VSB # 93767
      Attorneys for Defendants Smith and Jenkins
      Timberlake**Smith**
      25 North Central Avenue
      P. O. Box 108
      Staunton, VA 24402-0108
      phone:  540/885-1517
      fax:     540/885-4537
      email:  rfessier@timberlakesmith.com
          bshipley@timberlakesmith.com